UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| EMIGRANT RESIDENTIAL LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | |
| LINDA S. PINTI, LESLEY R. PHILLIPS, AND ANY AND ALL OCCUPANTS, | | No. 19-cv-12258-DJC |
| Defendants. | | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                                              **April 7, 2020**

### I.    Introduction

Plaintiff Emigrant Residential LLC ("Emigrant") has sued Defendants Linda S. Pinti ("Pinti"), Lesley R. Phillips ("Phillips") and any and all occupants (collectively, "Defendants") seeking a declaratory judgment to strike the discharge of mortgage from title to a property located at 1643 Cambridge Street #52, Cambridge, MA ("the Property"). D. 1. Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction, failure to state a claim and failure to join a necessary party. D. 7. For the reasons stated below, the Court DENIES the motion to dismiss.

### II.    Standard of Review

#### A.    <u>Motion to Dismiss Under 12(b)(6)</u>

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim

1

for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. Id. Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. Id. Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" García-Catalán, 734 F.3d at 103 (alteration in original) (citation omitted). "This context-specific inquiry does not demand 'a high degree of factual specificity.'" Id. (citation omitted).

### B. Motion to Dismiss for Lack of Subject Matter Jurisdiction

In diversity actions, the existence of subject matter jurisdiction requires diversity of citizenship between the parties and an amount-in-controversy exceeding $75,000. 28 U.S.C. § 1332. A defendant can move to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), allowing the defendant to contest the court's "subject matter jurisdiction by challenging the allegations in the complaint as insufficient on their face or by questioning the accuracy of those allegations." Hernandez-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005). Here the Defendants make a "sufficiency challenge" (or a "facial challenge"), in which they challenge the sufficiency of the pleaded jurisdictional facts. In sufficiency challenges, "the court must credit the plaintiff's well-pleaded factual allegations . . . draw all reasonable inferences

from them in her favor, and dispose of the challenge accordingly." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

### C. Failure to Join A Necessary Party Under Fed. R. Civ. P. 12(b)(7)

Pursuant to Rule 12(b)(7), a party may move for dismissal of an action for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). The Court conducts a two-part inquiry to determine whether a party must be joined under Rule 19. See Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008). First, the Court must decide whether a party is necessary under Rule 19(a). United States v. San Juan Bay Marina, 239 F.3d 400, 405 (1st Cir. 2001). If a party is a necessary one, the Court must then ask whether joinder is feasible. Fed. R. Civ. P. 19(a). If joinder is not feasible, then the second determination that must be made under Rule 19(b) is whether the party is indispensable such that, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). "[T]he moving party carries the burden of showing why an absent party should be joined." Raytheon Co. v. Cont'l Cas. Co., 123 F. Supp. 2d 22, 32 (D. Mass. 2000).

"As with Rule 12(b)(6) motions, a court must accept the allegations contained in the plaintiff's complaint as true for the purpose of the Rule 12(b)(7) inquiry." McCaskill v. Gallaudet Univ., 36 F. Supp. 3d 145, 151 (D.D.C. 2014); Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 479 n.2 (7th Cir. 2001). However, "a court is 'not limited to the pleadings' and may consider 'other relevant extra-pleading evidence.'" Phoenix Ins. Co. v. Delangis, No. 14-cv-10689-GAO, 2015 WL 1137819, at *2 (D. Mass. Mar. 13, 2015) (quoting Axis Ins. Co. v. Hall, 287 F.R.D. 110, 113 (D. Me. 2012)).

**III. Factual Background**

The following factual allegations in Emigrant's complaint, D. 1, are accepted as true for the consideration of the motion to dismiss.

In March 2008, Pinti and Phillips executed and delivered a promissory note to Emigrant Mortgage Company, Inc. ("EMC") for $160,000.000 ("Pinti note"). D. 1 ¶ 8. Pinti and Phillips gave a mortgage ("Pinti mortgage") on the Property to EMC to secure their loan obligation and recorded it with the Middlesex County Registry of Deeds. D. 1 ¶ 10. In August 2009, Defendants defaulted on the Pinti mortgage when they failed to make a payment and all subsequent payments thereafter. D. 1 ¶ 11. In September 2009, EMC sent Defendants a 90-day notice of right to cure. D. 1 ¶ 12.

In November 2009, the Pinti mortgage was assigned from EMC to ESB-MH Holdings, LLC ("ESB-MH') and recorded with the Middlesex County Registry of Deeds. D. 1 ¶ 13. That same month, ESB-MH assigned the Pinti mortgage to Federal Home Loan Bank of New York ("FHLBNY"). D. 1 ¶ 14. The assignment, however, was not delivered to FHLBNY. D. 1 ¶ 15.

Defendants failed to cure their default by the expiration date of the 90-day notice of right to cure and EMC initiated foreclosure proceedings. D. 1 ¶ 16. In August 2012, EMC sold the Property to Harold Wilion ("Wilion") and recorded the foreclosure deed with the Middlesex County Register of Deeds. D. 1 ¶ 17-19. In October 2012, admittedly, EMC mistakenly prepared and executed a discharge of the Pinti mortgage and sent it to Pinti for recording. D. 1 ¶ 20.

On October 29, 2012, Wilion filed a summary process action against the Defendants for possession of the Property in the Cambridge District Court. D. 1 ¶ 23. On November 7, 2013, the court entered judgment in favor of Wilion and EMC. D. 1 ¶ 25. Defendants appealed the decision. D. 1 ¶ 26. The Supreme Judicial Court held that EMC's notice of right to cure failed to comply

strictly with the notice provisions set forth in the Pinti mortgage, voiding the foreclosure sale. D. 1 ¶ 27, 30; Pinti v. Emigrant Mortg. Co., Inc., 472 Mass. 226, 233–38 (2015) ("Pinti I"). In light of this decision, Emigrant returned the foreclosure sale proceeds to Wilion. D. 1 ¶ 33.

After Pinti I, on July 29, 2015, Pinti recorded the discharge of mortgage with the Middlesex County Registry of Deeds. D. 1 ¶ 31. The debt secured by the Pinti mortgage, however, has not been satisfied, charged off or otherwise discharged. D. 1 ¶ 32. In June 2016, EMC sued Defendants in this Court seeking a declaratory judgment, *inter alia*, striking the discharge of mortgage from title to the Property. D. 1 ¶ 35. This Court (Wolf, J.) held that EMC did not have standing to strike the discharge because the Pinti mortgage was assigned to ESB-MH and dismissed EMC's action without prejudice. D. 1 ¶ 36; see Emigrant Mortgage Company, Inc. v. Pinti et al., 16-cv-11136-MLW, Order, ECF Dkt. No. 109 (D. Mass Jan. 17, 2019) ("Pinti II"). Following Pinti II, the assignment to FHLBNY was recorded with the Middlesex County Registry of Deeds in addition to an assignment to Emigrant, the successor-by-merger to ESB-MH. D. 1 ¶ 38.

## IV. Procedural History

Emigrant filed this complaint on November 14, 2019. D. 1. Defendants have now moved to dismiss. D. 7. The Court heard oral argument on the motion and took the matter under advisement. D. 12.

## V. Discussion

### A. The Statute of Limitations Does Not Bar this Action

Defendants argue that pursuant to Mass. Gen. L. c. 260 § 2, the statute of limitations has run, since more than six years have passed since the Pinti mortgage was discharged. D. 7 at 2. Section Two is the applicable statute of limitations for actions of contract, Mass. Gen. L. c 260 §2,

but "[a]n action for the recovery of land shall commence . . . within twenty years after the right of action . . . first accrue[s]." Mass. Gen. L. c. 260 § 21; see McWilliam v. McWilliam, No. 15-cv-p-500, 2016 WL 857240, at *1 (D. Mass. Mar. 4, 2016) (ruling that Section 21 applied to a declaratory judgment seeking determination that transfer of deed was null and void). The right of action first accrues when there is an event that likely put the plaintiff on notice of its claim. Bowen v. Eli Lilly & Co., 408 Mass. 204, 207 (1990). Here, reading all inferences in favor of the non-movant, Emigrant was likely put on notice when Defendants recorded the discharge on July 29, 2015.[1] See D. 1 ¶ 31; D. 7. The statute of limitations, therefore, expires twenty years from that date. D. 9 at 8; see Mass. Gen. L. c. 260 § 21.

Defendants' argument also fails because a mortgage under Massachusetts law has two distinct but related parts: the legal title and the security for the underlying note. See Lemelson v. U.S. Bank Nat. Ass'n, 721 F.3d 18, 23 (1st Cir. 2014) (citations omitted). The statute of limitations for the underlying note is "six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." Mass. Gen. L. c. 106 § 3-118(a). Even assuming *arguendo* that the statute of limitations for Defendants' underlying note had expired, a "mortgage continues to be enforceable as a proceeding in rem against the security." Wells Fargo Bank, National Association v. Khursheed, 2019 Mass. App. Div. 71 (Apr. 29, 2019); see Junior v. Wells Fargo Bank, NA, 17-cv-10460-RGS, 2017 WL 1199768, at *2 (D. Mass. Mar. 30, 2017).

---

[1] Defendant notes that Emigrant failed to state specifically the date it discovered its mistake. D. 7 at 2. Even if Emigrant knew of the mistake as early as October 3, 2012—the date it mistakenly prepared and executed the discharge of the Pinti mortgage, D. 1 ¶ 20, the statute of limitations would not expire until twenty years from that date.

To the extent that Defendants argue that Mass. Gen. L. c. 260 § 2 bars Emigrant's right to enforce the Pinti mortgage by foreclosure under the power of sale, that argument is also unavailing. Massachusetts law provides a separate statute of limitations for mortgages, which is "in the case of a mortgage in which the term or maturity date of the mortgage is stated, 5 years from the expiration of the term or from the maturity date." Mass. Gen. L. c. 260 § 33. The maturity date stated on the Note is April 1, 2038. D. 1-1 at 9. Accordingly, even under this analysis, the statute of limitations on Emigrant's right to enforce foreclosure has not yet expired.

For all of these reasons, the Court concludes that the statute of limitations has not expired on Plaintiff's claim seeking an order quieting title to the Property.

### B. Plaintiff Has Plausibly Pled an Amount in Controversy to Satisfy Subject Matter Jurisdiction

In initiating this matter, Emigrant invoked diversity jurisdiction pursuant to 28 U.S.C. 1332(a)(1) because it alleges complete diversity between the parties and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. D. 1 at 2. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977). In cases involving actions to quiet title, the value of the relevant property is a proper measure of the amount in controversy. See Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); Usery v. Anadarko Petroleum Corp., 606 F.3d 1017, 1019 (8th Cir. 2010); Privateer Bay Mgmt. Corp. v. Heirs of Sewer, 102 F. App'x 228, 231 (3d Cir. 2004); Ehrenfeld v. Webber, 499 F. Supp. 1283, 1292-93 (D. Me. 1980). Here, there is an uncontroverted affidavit that the value of the Property exceeds $75,000. See Pinti II, Affidavit of Alan Yanofsky, ECF Dkt. No. 39 ¶ 9. See Gonzalez, 284 F.3d at 288 (noting that it is permissible to rely upon documents in the record outside of the pleadings in resolving a Rule

7

12(b)(1) motion). Accordingly, Emigrant has plausibly pled an amount in controversy to satisfy diversity jurisdiction.

C.      **EMC is Not A Necessary Party to this Action**

Contrary to Defendants' argument, EMC is not a necessary party to this suit. D. 7 at 3. "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." Mass. Gen. L. c. 231A § 8. Defendants do not argue that EMC is a beneficiary of the mortgage, that EMC will suffer irreparable harm if the discharge is struck or that EMC has any other direct interest in the litigation. Cf. Service Employees Intern. Union, Local 59 v. Department of Mental Health, 469 Mass. 323, 338 (2014); Boston Police Patrolmen's Ass'n, Inc. v. Menino, No. SUcv2006-02939, 2006 WL 4119714, at *9 (Mass. Dist. Ct. Dec. 20, 2006). Instead, Defendants argue without any further explanation or authority that "[b]y not joining the company responsible for the situation Defendants would be practically impeded from protecting their own interests." D. 7 at 3. It is the movants' burden to develop arguments in support of their positions with citation to relevant legal authority, See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), and in the absence of same, another outcome is not warranted here. Emigrant is the holder of legal title of the mortgage and thus it is the proper party of interest to this action.[2] D. 1-1 at 60. Accordingly, Defendants' contention that failure to add EMC is a necessary party warrants dismissal, does not succeed.

---

[2] Defendants argue that Emigrant failed "to state how it received a valid interest in a Discharged mortgage that was assigned by merger to Plaintiff after it had been discharged." D. 7 at 2. To the extent that Defendants are disputing the validity of the notarized assignment of mortgage, See D. 1-1 at 60, Emigrant's factual assertion that FHLBNY assigned its interest to it must be accepted as true for purposes of the motion to dismiss. See 108 Degree, LLC v. Merrimack Golf Club, Inc., No. 09-cv-298-JL, 2010 WL 1254920, at *3 (D. N. H. Mar. 25, 2010).

8

## VI. Conclusion

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss, D. 7.

**So Ordered.**

/s/ Denise J. Casper  
United States District Judge