UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EMIGRANT RESIDENTIAL, LLC,
      Plaintiff,

                                     CIVIL ACTION NO. 19-12258-DJC

      v.

LINDA S. PINTI, LESLEY F. PHILLIPS, and
ANY AND ALL OCCUPANTS,
      Defendants.


MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO QUASH
AMENDED NOTICES OF DEPOSITIONS
OF EDMOND TANG AND FILIPPO RUGGIERO (#102)


KELLEY, U.S.M.J.

I. Background.

      This case concerns a mortgage on the property located at 1653 Cambridge Street, #52, Cambridge, Massachusetts ("the Property"), which, as the First Circuit observed, "seems to have taken on a life of its own." *Emigrant Residential, LLC, v. Pinti*, 37 F.4th 717, 720 (1st Cir. 2022). The First Circuit had occasion to comment on the mortgage because the district court granted summary judgment to plaintiff after denying defendants' motion under Fed. R. Civ. P. 56(d), seeking additional discovery, and defendants appealed. The First Circuit held that the court abused its discretion in denying the Rule 56(d) motion, vacated the summary judgment order, and remanded the case, directing "the district court, on remand, to grant [defendants] a reasonable opportunity for additional discovery," limited to two issues. *Id*. at 728. Those issues were first, the

chain of custody and authenticity of what plaintiff refers to as "the original Pinti Note" and certain Assignments of Mortgage that were recorded in 2019. *Id*. at 728; (#103 at 1-2.).[1]

After remand, while conducting further discovery, defendants served Emigrant with notices of depositions for Edmond Tang and Filippo Ruggiero. (#103 at 2.) Plaintiff moved to quash the notices, asserting that these witnesses have already been deposed on certain relevant issues in a previous case in this court concerning the mortgage[2] and know nothing about other issues, and so further deposing them would be unreasonably cumulative and duplicative under Fed. R. Civ. P. 26. *Id*. at 2-6. The district court referred the motion to this court (#104) and on March 1, 2023, the court heard argument on the motion.

Defendants argue first, that the First Circuit's opinion clearly entitles them to take discovery on certain issues and that is what they hope to accomplish by deposing Tang and Ruggiero; second, the two witnesses did not already provide testimony on these issues, or if they did, it was cursory; third, that given recent deposition testimony by a 30(b)(6) witness, further questioning of Tang is needed; and finally, although Emigrant asserts that the witnesses know nothing about certain issues, defendants "should not have to blindly take Emigrant's say so about" their level of involvement and knowledge. (#105 at 2-3.)

II. Legal Standard.

Under Fed. R. Civ. P. 26, the court "must limit the . . . extent of discovery otherwise allowed" if it determines that "the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less

---

[1] The opinion of the First Circuit sets out the facts of the case in detail, *see* 37 F.4th at 720-723; the court assumes the reader's familiarity with them and will not repeat them here.

[2] *Emigrant Mortgage Company, Inc. v. Linda Pinti, et al*., 16-cv-11136-MLW (D. Mass.).

expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Emigrant, the party seeking the protective order, must demonstrate good cause "by specific examples or articulated reasons"; "broad allegations of harm" will not suffice. *Heagney v. Wong*, No. CV 15-40024-TSH, 2016 WL 2901731, at *3 (D. Mass. May 18, 2016) (citations and internal quotations omitted); *Sec. & Exch. Comm'n v. Lemelson*, 334 F.R.D. 359, 361 (D. Mass. 2020).

III. <u>Discussion</u>.

The court denies Emigrant's motion to quash. The witnesses shall each be deposed for a half day, and their previous testimony shall not be repeated except for context, to remind them of what they previously said, or to test whether their testimony has changed. Defendants have established that the deposition testimony of Tang and Ruggiero falls into the ambit of the further discovery ordered by the First Circuit. Defendants' briefing sets out in detail why Emigrant's assertion that Tang has already testified to the two areas of inquiry which the First Circuit allowed may be factually incorrect, *see* #105 at 10-19. The court agrees with defendants that even if there is some overlap between the prior deposition and the future one, as mentioned above, that is not a reason to prevent defendants from deposing a witness again. Further, the court agrees with defendants that Emigrant's assertion that Tang does not know anything about a certain assignment of the mortgage, *id*. at 19, is not enough to prevent his being deposed on this subject. The same is true of the parties' arguments concerning a further deposition of Ruggiero, *see id*. at 20-21.

IV. <u>Conclusion</u>.

For the reasons set forth above and stated on the record at the hearing on March 1, 2023, Emigrant's motion to quash, #102, is **denied**. The depositions of the two witnesses shall be conducted as soon as practicable.

March 1, 2023

/s/ M. Page Kelley
M. Page Kelley
Chief United States Magistrate Judge